IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BANK OF THE OZARKS,

                Plaintiff,

v.                              1:11-cv-3853-WSD

THOMAS CARTER LUMSDEN,
a/k/a T. CARTER LUMSDEN, a/k/a
CARTER LUMSDEN,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Bank of the Ozarks' ("Plaintiff") unopposed Motion for Summary Judgment [12].

**I.    BACKGROUND**

This is an action for breach of contract, unjust enrichment, and attorneys' fees based on Thomas Carter Lumsden's ("Defendant") claimed failure to pay on two notes [1]. Plaintiff moves for summary judgment on its breach of contract and attorneys' fees claims, Counts I, II, IV and V of the Complaint [12].[1] Defendant failed to respond to Plaintiff's Motion for Summary Judgment and because Defendant did not file a response to Plaintiff's Statement of Undisputed Material

---

[1] The Court notes that Count III is a claim for unjust enrichment which Plaintiff pleads as an alternative to its breach of contract claims.

Facts [12.3], those facts are deemed admitted for the purposes of Plaintiff's summary judgment motion.[2]  LR 56.1 NDGa.

    A.    <u>Note No. 2300</u>

On or about November 6, 2007, Defendant executed Note Number 2300 ("Note 1") in favor of Chestatee State Bank ("Chestatee Bank") in the amount of $263,002.00.  (SUMF ¶ 2).  Note 1 obligates Defendant to pay Chestatee Bank, or Chestatee Bank's successor, note principal and interest, as well as all other charges that become due and payable under the Note.  (<u>Id.</u> ¶ 5).  Note 1 also requires the payment of any costs and expenses of collection of the indebtedness due under the Note, including attorneys' fees.  (<u>Id.</u> ¶ 6).  Note 1 is secured by a Security Deed executed in favor of Chestatee Bank.  (<u>Id.</u> ¶ 7).

Defendant has not made any payments on Note 1.  (<u>Id.</u> ¶¶ 8-9).  Upon Defendant's failure to pay, Plaintiff, under the terms of Note 1, accelerated payment of the Note and the principal, accrued interest and late fees became immediately due and payable.  (<u>Id.</u> ¶ 11).

---

[2] The Local Rules for the Northern District of Georgia state that "[a] respondent to a summary judgment motion shall include . . . with the responsive brief: [a] response to the movant's statement of undisputed facts."  LR 56.1 B.(2)a. NDGa.  A party's failure to provide a response to the movant's statement of undisputed facts results in the movant's facts being deemed as admitted.  <u>Id.</u>

B.     Note No. 2500

On or about November 6, 2007, Defendant executed and delivered a second note, Note Number 2500 ("Note 2"), in favor of Chestatee State Bank ("Chestatee") in the amount of $340,462.98. (Id. ¶ 12). Note 2 obligates Defendant to pay Chestatee Bank, or Chestatee Bank's successor, note principal and interest, as well as all other charges that become due and payable under the Note. (Id. ¶ 15). Like Note 1, Note 2 also requires the payment of any costs and expenses of collection of the indebtedness due under the note, including attorneys' fees. (Id. ¶ 16). Note 2 is secured by two (2) Security Deeds executed in favor of Chestatee Bank. (Id. ¶¶ 17-18).

The principal, accrued interest, and late fees became immediately due and payable on October 15, 2010. (Id. ¶ 19). Defendant has not made any payments on Note 2. (Id. ¶¶ 20-21).

C.     Transfer of the Notes to the Bank of the Ozarks

On or about December 17, 2010, Chestatee Bank was closed by the Georgia Department of Banking and Finance, and the FDIC was appointed as the receiver ("FDIC-R"). (Id. ¶¶ 23-24). Also, on or about December 17, 2010, the FDIC-R and Plaintiff entered into a Purchase and Assumption Agreement, pursuant to which Plaintiff purchased the Notes at issue in this action. (Id. ¶ 25). On or about

February 4, 2011, the FDIC-R assigned Note 1, Note 2, (collectively, the "Notes"), the Security Deeds, and all related Loan Documents in this matter to Plaintiff. (Id. ¶¶ 26-27). Plaintiff thus is the holder of the Notes, and has the right to enforce them. (Id. ¶ 27).

### D. Notices of Default

On August 31, 2011, Plaintiff sent notices of default to Defendant, demanding immediate payment of the Notes. (Id. ¶ 28). Defendant had ten (10) days from receipt of the demand to pay all outstanding principal and interest to avoid the payment of attorneys' fees under the Notes. (Id. ¶ 29). Defendant failed to pay within the ten (10) days and this action was filed on November 8, 2011. (Id. ¶ 30).

## II. DISCUSSION

### A. Summary judgment standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party," summary judgment for the moving party is proper.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B.    Analysis

        1.    *Plaintiff's breach of contract claim*

Under Georgia law, "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."  O.C.G.A. § 13-3-1.  An action for breach of contract requires breach of a valid contract and resultant damages to the party who has the right to complain about the breach.  Budget Rent-A-Car of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).

It is undisputed that the Notes constitute valid contracts between the parties.  Defendant breached the contracts by failing to pay on the Notes according to their terms, and Plaintiff suffered damages from the breach.  It is further undisputed that Plaintiff is entitled to a sum certain as a result of Defendant's breach of the Notes.  The damages suffered from the breach of Note 1 are the amount of $109,894.14, with interest accruing from November 1, 2012, at the *per diem* rate of $41.07.  Damages from Defendant's breach of Note 2 are in the amount of $365,611.73,

with interest accruing from November 1, 2012, at the *per diem* rate of $136.07. (SUMF ¶¶ 42-43).

### 2. *Plaintiff's claim for attorneys' fees*

Georgia law requires a party seeking attorneys' fees incurred to collect on a note pursuant to O.C.G.A. § 13-1-11 to issue a demand notice, which must: (1) be in writing; (2) be addressed to the party sought to be held on the obligation; (3) be served after maturity of the note; (4) state that the provisions relative to payment of attorneys' fees in addition to principal and interest will be enforced; and, (5) state that the party has ten (10) days from the receipt of such notice to pay the principal and interest to avoid payment of the attorneys' fees. O.C.G.A. § 13-1-11; Sec. Pac. Bus. Fin., Inc. v. Lichirie Ventures-Godby Plaza, Ltd., 703 F. Supp. 936, 939 (N.D. Ga. 1989); Textile Rubber and Chem. Co., Inc. v. Thermo-Flex Techs., Inc., 706 S.E.2d 728, 733-34 (Ga. App. 2011).

Plaintiff here prevailed on its claims and the Court finds that Plaintiff is entitled to the attorneys' fees provided for in the Notes.[3] The Court also finds that Plaintiff complied with the statutory requirements to be eligible for an award of contractual attorneys' fees. See O.C.G.A. § 13-1-11. By the terms of the Notes,

---

[3] The Notes provide that Plaintiff is entitled to recovery of attorneys' fees incurred with the collection of amounts due under the Note in an amount equal to "fifteen (15%) percent of the remaining principal plus accrued interest." (SUMF ¶¶ 6, 16; Authenticated Notes.).

Plaintiff is entitled to an award of contractual attorneys' fees in the amount of $71,055.88.  (SUMF ¶ 44).[4]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $109,894.14, for the breach of Note 1 with interest accruing from November 1, 2012, at the *per diem* rate of $41.07, and $365,611.73, for the breach of Note 2 with interest accruing from November 1, 2012, at the *per diem* rate of $136.07; for a total judgment against Defendant for the breach of the Notes in the amount of $400,359.93 in unpaid principal and late fees due on the Notes and $75,145.94 in accrued interest as of November 1, 2012, with $177.14 *per diem* interest accruing each day thereafter.

---

[4] The Court determines that attorneys' fees are payable under the Notes to compensate counsel for legal services provided to enforce the Notes' terms. Accordingly, even though the principal and amount due under the Notes will increase as additional interest is incurred until payment is made, the Court determines that an increase in the attorneys' fee award is not appropriate absent a showing that additional legal services were required after the entry of this judgment.  (SUMF ¶ 44).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $71,055.88 in attorneys' fees.

**SO ORDERED** this 21st day of November, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE